FILED

2020 Oct-08  PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **OTIS STOWE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 4:20-CV-00025-CLS** |
| | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| **COMMISSIONER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Otis Stowe, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration, affirming the decision of the Administrative Law Judge ("ALJ") and, thereby, denying Mr. Stowe's claim for a period of disability and disability insurance benefits.[1]

Claimant subsequently filed a motion for remand pursuant to sentences four and six of 42 U.S.C. § 405(g).[2]

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is

---

[1] Doc. no. 1 (Complaint).

[2] Doc. no. 10 (Motion to Remand).

substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's adverse decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that:  (1) the ALJ failed to accord proper weight to claimant's treating physician and another, one-time examining physician, and, therefore, the residual functional capacity asserted by the ALJ is not supported by substantial evidence; (2) the ALJ improperly applied the pain standard to claimant's testimony; (3) the ALJ failed to adequately consider claimant's testimony concerning the side effects of his medication; and (4) the ALJ improperly relied on the testimony of a vocational expert that was not based on a full statement of claimant's impairments and limitations.[3]

After the initial round of briefing on claimant's original complaint, Mr. Stowe's attorney filed a motion to remand, based upon sentences four and six of 42 U.S.C. § 405(g).  The claimant's attorney argued that the Appeals Council had failed to consider new evidence submitted to it, and that a subsequent "Fully Favorable

_____

[3] *See* doc. no. 7 (Brief in Support of Disability), at 26-37.

Decision" issued to claimant undermines the ALJ's conclusions in this instance.[4]

Upon review of the record, the court concludes that the contentions contained in claimant's initial briefing and motion to remand lack merit, and that the Commissioner's ruling is due to be affirmed.

# I. DISCUSSION

## A.   The ALJ Did Not Improperly Weigh the Opinion of Two of Claimant's Physicians, and the ALJ's Residual Functional Capacity Finding Is Supported by Substantial Evidence.

Claimant first argues that the ALJ improperly weighed the opinion of his treating physician, William R. Stewart, M.D., by not considering Dr. Stewart's opinion that claimant was limited to "sedentary light duty activity capacity."[5]  Dr. Stewart's conclusion and a Functional Capacity Evaluation limiting claimant to sedentary work led to the termination of his employment, and the eventual settlement of his workers' compensation claim.[6]  Claimant argues that the ALJ erred by ignoring his treating physician's determination that he should be limited to sedentary work, and instead finding that he was capable of performing light work with additional

---

[4] *See* doc. no. 10 (Motion to Remand).

[5] Tr. 1011 (August 10, 2017 Evaluation Notes by Dr. Stewart); *see also* Tr. 862-65 (July 26, 2017 Functional Capacity Evaluation, limiting claimant to sedentary work); doc. no. 7 (Brief in Support of Disability), at 26.

[6] *See* Tr. 303 (September 25, 2017 Letter to Claimant from Webb Concrete & Building Materials terminating his employment); Tr. 304-06 (August 13, 2018 Consent Decree of Workers' Compensation Settlement).

limitations.[7]

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (alterations supplied).  Here, the ALJ discussed the medical records from Dr. Stewart extensively, but did not assign particular weight to the physician's specific opinion regarding claimant's functional capacity.[8]

While not assigning particular weight to a treating physician's opinion would normally constitute error, it does not in this case, for two reasons.  First, Dr. Stewart's opinion was not directed to the ALJ; instead, the opinion was part of the physician's regular examination notes, and it was made for the purpose of claimant's workers' compensation claim.  Second, and most importantly, while an ALJ may consider a physician's opinion on a claimant's residual functional capacity, the final task of determining a claimant's residual functional capacity is reserved to the

---

[7] *See* doc. no. 7 (Brief in Support of Disability), at 26-29.
[8] *See* Tr. 62-65 (ALJ's Decision).

4

Commissioner. *See* 20 C.F.R. § 404.1527(d)(2).  In doing so, the ALJ is not required to adopt a treating physician's opinion of a claimant's residual functional capacity. *See Beegle v. Social Security Administration, Commissioner*, 482 F. App'x 483, 488 (11th Cir. 2012) ("[T]he ALJ did not have to defer to [the doctor's] residual functional capacity assessment.") (alterations supplied).  In addition, the ALJ extensively discussed Dr. Stewart's medical records of claimant.  In that discussion, the ALJ noted that claimant's pain was mostly controlled by conservative treatment. He also noted that Dr. Stewart reported claimant had normal posture and gait, and that Dr. Stewart did not prescribe the cane that claimant used on an inconsistent basis.[9]

Claimant also argues that the ALJ improperly assigned little weight to the opinion of a physician named Sathyan V. Iyer, M.D., because Dr. Iyer's examination of claimant was conducted only two weeks after claimant's surgery, and, in the opinion of the ALJ, that was too soon for the examination to be indicative of long-term effects.[10]  The ALJ does not have to show good cause for discounting the opinion of a non-treating physician, but Social Security regulations provide that, when considering the weight to give *any* medical opinion, the Commissioner should take into account such matters as:  the extent of the examining or treating relationship

---

[9] *See id.*

[10] *See* Tr. 65 (ALJ Decision); *see also* Tr. 528-33 (Dr. Iyer's Evaluation).

between the physician and the patient; the issue of whether the physician's opinion is consistent with the record as a whole; the physician's specialization; and other factors.  *See* 20 C.F.R. § 404.1527(d).  It was reasonable for the ALJ to assign little weight to Dr. Iyer's opinion, in light of the other medical evidence showing improvement after claimant's surgery.  Accordingly, the ALJ did not improperly discount either of these medical opinions, and his residual functional capacity finding is supported by substantial evidence.

## B.     The ALJ Properly Applied the Pain Standard.

Claimant next argues that the ALJ improperly applied the pain standard when evaluating claimant's subjective complaints of pain.[11]  To demonstrate that pain renders a claimant disabled, he or she must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'"  *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."  *Marbury v. Sullivan*, 957

---

[11] *See* doc. no. 7 (Brief in Support of Disability), at 32-34.

F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony of pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

Here, the ALJ found that claimant's medically determinable impairments could reasonably be expected to cause the symptoms he alleged, but that claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record.[12] Contrary to the argument asserted by claimant's counsel, the claimant's subjective testimony is *not* sufficient to support a finding of disability.[13]  The ALJ evaluates the intensity and persistence of symptoms, such as pain, through consideration of the objective medical evidence *and* the subjective complaints of the claimant.  *See* 20 C.F.R. § 404.1529(c).  In this instance, the ALJ evaluated the objective medical evidence, and found that the objective reports of claimant's gait, posture, and use of conservative treatment measures often did not match claimant's subjective complaints

---

[12] Tr. 62 (ALJ Decision).

[13] *See* doc. no. 7 (Brief in Support of Disability), at 33 (citing *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).

of pain.[14]  Furthermore, the relevant inquiry for this court is not "whether [the] ALJ could have reasonably credited [claimant's] testimony, *but whether the ALJ was clearly wrong to discredit it*."  *Werner v. Commissioner of Social Security*, 421 F. App'x 935, 939 (11th Cir. 2011) (alterations and emphasis supplied).  Accordingly, the court concludes that the ALJ's findings were supported by substantial evidence.

C.    **The ALJ's Failure to Consider Claimant's Testimony Concerning the Side Effects of His Medication Was Harmless Error.**

Claimant also argues that the ALJ failed to adequately consider his testimony concerning the side effects of his medication.[15]  As part of evaluating how a claimant's symptoms affect his ability to work, the ALJ must consider the effectiveness *and* any side effects of medications taken by a claimant to treat those symptoms.  *See Walker v. Commissioner of Social Security*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv)).  Claimant testified during the hearing that his pain medication "puts [him] to sleep,"[16] so he does not take it during the day, but he "takes the . . . others."[17]  The ALJ did not discuss the side effects of claimant's medication in his opinion, but any such error is harmless because claimant appears to have been prescribed, and to have taken during

---

[14] *See* Tr. 63-64 (ALJ Decision).

[15] *See* doc. no. 7 (Brief in Support of Disability), at 34-35.

[16] Tr. 162 (Hearing Transcript) (alteration supplied).

[17] Tr. 166 (Hearing Transcript) (ellipsis added).

the day, other medication that does not make him "sleepy." Further, the objective medical evidence did not corroborate claimant's reports of drowsiness. In fact, claimant was reported to be alert during his doctor appointments.[18] Therefore, any failure to discuss the alleged side effects of claimant's pain medication is harmless error.

**D.   The Vocational Expert's Testimony Was Based on a Full Statement of Claimant's Impairments and Limitations.**

Claimant's final argument in the initial round of briefing was that the vocational expert was not posed a hypothetical question that encompassed all of claimant's limitations.[19] That contention lacks merit. The ALJ *did* pose a hypothetical question to the vocational expert, and it included all of the additional limitations in the ALJ's residual functional capacity finding.[20] Therefore, the ALJ did not err in relying upon the testimony from the vocational expert based upon that hypothetical question.

**E.   Motion to Remand**

Claimant's motion to remand initially attempts to add the argument that the Appeals Council failed to properly consider new evidence. Claimant waived that

---

[18] *See* Tr. 439, 442, 445, 474, 476, 540, 548-49, 986, 992, 996, 1002, 1006, 1011, 2014, 1042, 1047 (records from various medical appointments).

[19] *See* doc. no. 7 (Brief in Support of Disability), at 35-37.

[20] *See* Tr. 167-71 (Hearing Transcript).

argument by not including it in the initial briefing.  *See Sapuppo v. Allstate Floridian Insurance Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held than an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without support arguments and authority."); *Sorter v. Social Security Administration, Commissioner*, 773 F. App'x 1070, 1073 (11th Cir. 2019) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered the testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument.").

Claimant next moves to remand under sentence six of 42 U.S.C. § 405(g), in light of a subsequently-issued Fully Favorable Decision with an onset date of December 18, 2018:  the day after the unfavorable decision on appeal was issued by the ALJ.  Sentence six remands are available "where new, material evidence is adduced that was for good cause not presented before the agency."  *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993).  The Eleventh Circuit has held, however, that "a later favorable decision is not evidence for § 405(g) purposes."  *Hunter v. Social Security Administration, Commissioner*, 808 F.3d 818, 822 (11th Cir. 2015). Specifically, the Eleventh Circuit's opinion stated:

In light of our deferential review, there is no inconsistency in

finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate. Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the factfindings upon which it was premised. *See Allen* [*v. Commissioner of Social Security*], 561 F.3d [646,] 653 [(6th Cir. 2009)].

*Hunter*, 808 F.3d at 822 (alterations supplied).

Claimant attempts to distinguish this case from *Hunter* by arguing that he is also submitting new medical evidence. But, that evidence was submitted before the Appeals Council and, therefore, does not qualify as "new, material evidence . . . not presented before the agency" for the purposes of a sentence six remand. *See Shalala*, 509 U.S. at 297 n.2.[21]

## II. CONCLUSION

In accordance with the foregoing, the court finds that the decision of the Commissioner was in accordance with applicable law and supported by substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED, and the motion to remand is DENIED. Costs are taxed against claimant. The Clerk is

---

[21] Even if this were a valid argument, claimant has only submitted the Notice of Award for review, and so the court is unable to evaluate the ALJ's reasons for awarding claimant benefits. *See* doc. no. 10-1 (Exhibit A - Motion to Remand).

11

directed to close this file.

     **DONE** and **ORDERED** this 8th day of October, 2020.

_____
Senior United States District Judge